1 | Michael T. Lowe, Bar No. 49608
2 | James G. Stanley, Bar No. 138696
BOOTH, MITCHEL & STRANGE LLP
Attorneys at Law
3 | 701 South Parker Street, Suite 6500
P.O. Box 11055
4 | Orange, CA 92856-8155
(714) 480-8500 / FAX: (714) 480-8533
5
Attorneys for Plaintiff
6 | SAFECO INSURANCE COMPANY OF AMERICA

FILED

02 FEB 20  PM 2: 39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | '02 CV  0308 J  (POR)

11 | SAFECO INSURANCE COMPANY OF
AMERICA, a Washington corporation, | Case No.

12 | Plaintiff, | SAFECO INSURANCE COMPANY'S
COMPLAINT FOR DAMAGES:

13

14 | vs. | 1. BREACH OF INDEMNITY
AGREEMENT;

15 | COMMERCIAL MONEY CENTER, INC., a
Nevada corporation; COMMERCIAL | 2. SPECIFIC PERFORMANCE OF
INDEMNITY AGREEMENT;

16 | SERVICING CORPORATION, a Nevada
corporation; CAPITAL MARKETS | 3. EQUITABLE INDEMNITY;
4. MONEY PAID;

17 | CORPORATION, a corporation; STERLING
WAYNE PIRTLE, an individual; ANITA | 5. EXONERATION;
6. QUIA TIMET;

18 | PIRTLE, an individual; RONALD FISHER, an
individual; and NANCY FISHER, an individual, | 7. BREACH OF SALES AND
SERVICING AGREEMENT;

19 | Defendants. | 8. SPECIFIC PERFORMANCE OF
SALES AND SERVICING
AGREEMENT;

20 | | 9. ACCOUNTING

21

22 | Plaintiff SAFECO INSURANCE COMPANY OF AMERICA ("SAFECO") alleges:

23 | **JURISDICTION AND VENUE**

24 | 1. SAFECO is, and at all times relevant hereto was, a corporation organized and

25 | existing under the laws of the State of Washington with its principal place of business in the

26 | State of Washington.

27 | 2. SAFECO is qualified to conduct and conducts business in the State of

28 | California, as a surety.

-1-

SAFECO'S COMPLAINT FOR DAMAGES

[C:\DOC\MTL\22594\PLD\001Complaint(230)]

3.     Upon information and belief, defendant COMMERCIAL MONEY CENTER, INC. ("CMC"), is, and at all times relevant hereto was, a Nevada corporation, conducting business in the City of Escondido, State of California.

4.     Upon information and belief, defendant COMMERCIAL SERVICING CORPORATION ("CSC") is, and at all times relevant hereto was, a Nevada corporation, conducting business in the City of Escondido, State of California.

5.     Upon information and belief, defendant CAPITAL MARKETS CORPORATION ("CMARK") is, and at all times relevant hereto was, authorized to conduct and is conducting business in the City of Escondido, State of California.

6.     Defendant STERLING WAYNE PIRTLE ("WAYNE PIRTLE") is, and at all times relevant hereto was, an individual domiciled in the State of Nevada.  WAYNE PIRTLE is president of CMC and is an indemnitor with respect to those CMC transactions which are relevant hereto, which transactions occurred in substantial part in the City of Escondido. State of California.

7.     Defendant ANITA PIRTLE is, and at all times relevant hereto was, an individual domiciled in the State of Nevada.  ANITA PIRTLE is an indemnitor with respect to those CMC transactions which are relevant hereto, which transactions occurred in substantial part in the City of Escondido, State of California.

8.     On information and belief, defendant RONALD FISHER is, and at all times relevant hereto was, an individual domiciled in the State of California.  RONALD FISHER is an indemnitor with respect to those CMC transactions which are relevant hereto, which transactions occurred in substantial part in the City of Escondido, State of California.

9.     On information and belief, defendant NANCY FISHER is, and at all times relevant hereto was, an individual domiciled in the State of California.  NANCY FISHER is an indemnitor with respect to those CMC transactions which are relevant hereto, which transactions occurred in substantial part in the City of Escondido, State of California.

10.     The amount in controversy as to each of the claims asserted herein exceeds $75,000.

-2-

SAFECO'S COMPLAINT FOR DAMAGES

[C:\DOC\MTL\22594\PLD\001Complaint(230)]

1   11.   This Court has jurisdiction of this matter under 28 U.S.C. §§1332 and
2   1367(a), and venue in this District is proper under 28 U.S.C. §1391(a).

3   **GENERAL ALLEGATIONS**

4   12.   SAFECO is informed and believes, and on that basis alleges, that each of the
5   defendants is the principal, agent, servant, employee or alter ego of each of the other
6   defendants, and was acting in that capacity at all times relevant hereto.

7   13.   SAFECO is also informed and believes, and on that basis alleges, that CSC
8   is an affiliate or subsidiary of CMC and/or CMARK, and is a principal, agent, servant,
9   employee or alter ego of each of the other defendants, and was acting in that capacity at all
10  times relevant hereto.  As such, CSC is hereafter collectively referred to, together with
11  CMC and CMARK, as CMC.

12  **CMC'S LEASING PROGRAMS**

13  14.   CMC purports to operate as a full service leasing company offering a variety
14  of leasing programs.

15  15.   As part of its leasing programs, CMC purports to purchase various equipment
16  of use to both individuals and small-to-mid-size businesses, and to then lease that
17  equipment to third party individuals or businesses.

18  16.   Upon information and belief, CMC operates its leasing programs in its own
19  name, and through its subsidiaries and affiliates, through offices located in Escondido,
20  California.

21  17.   CMC groups its leases into lease pools.  CMC's lease pools include between
22  20 and 150 leases.

23  18.   Upon information and belief, CMC sells the stream of payments provided by
24  the leases in a given pool as an investment to a lending institution.

25  **SURETY BONDING OF CMC'S LEASING PROGRAMS**

26  19.   In order to make the lease pool a more attractive investment, CMC obtains
27  surety bonds to guarantee each lessee's performance of its lease obligations.

28  20.   Beginning on June 14, 1999, and continuing through June 1, 2000, CMC

-3-
SAFECO'S COMPLAINT FOR DAMAGES
[C:\DOC\MTL\22594\PLD\001Complaint(230)]

1  requested SAFECO, as surety, to issue lease bonds on its behalf in connection with
2  various lease pools.

3    21.   SAFECO, as surety, issued lease bonds ("the Bonds") on behalf of CMC's
4  lessees, as principals, and in favor of CMC, as obligee.

5    22.   Ultimately, SAFECO issued over 696 separate Bonds, guaranteeing lease
6  obligations grouped into 14 different lease pools.

7                    **CMC'S INDEMNITY AGREEMENT**

8    23.   On or about April 30, 1999, in partial consideration for SAFECO's issuance of
9  the Bonds, and as an inducement to SAFECO to issue the Bonds, CMC, through its
10 president WAYNE PIRTLE, executed a written Indemnity Agreement for the benefit of
11 SAFECO.  A true and correct copy of that Indemnity Agreement is attached hereto as
12 Exhibit "A" and is incorporated by this reference as though set forth fully herein.

13   24.   WAYNE PIRTLE and ANITA PIRTLE (hereinafter collectively referred to as
14 the "PIRTLES") and RONALD FISHER and NANCY FISHER (hereinafter collectively
15 referred to as the "FISHERS") also executed that Indemnity Agreement in favor of
16 SAFECO on or about April 30, 1999.

17                   **CMARK'S INDEMNITY AGREEMENT**

18   25.   On or about June 24, 1999, in partial consideration for SAFECO's issuance of
19 the Bonds, and as an inducement to SAFECO to issue the Bonds, CMARK, through its
20 president WAYNE PIRTLE, executed a written Indemnity Agreement for the benefit of
21 SAFECO.  A true and correct copy of that Indemnity Agreement is attached hereto as
22 Exhibit "B" and is incorporated by this reference as though set forth fully herein.

23   26.   The PIRTLES and the FISHERS also executed that Indemnity Agreement in
24 favor of SAFECO on or about June 24, 1999.

25   27.   The April 30, 1999, Indemnity Agreement and the June 24, 1999, Indemnity
26 Agreement (hereinafter collectively referred to as the "Indemnity Agreements") provide,
27 among other things, that CMC, the PIRTLES and the FISHERS will indemnify and save
28 harmless SAFECO from and against all losses, costs, damages, attorney's fees and

-4-
SAFECO'S COMPLAINT FOR DAMAGES
[C:\DOC\MTL\22594\PLD\001Complaint(230)]

1  expenses of whatever kind or nature which arise by reason of, or in consequence of,

2  SAFECO's issuance of the Bonds at CMC's request.

3      28.    The Indemnity Agreements also provide that CMC, the PIRTLES and the

4  FISHERS will, on SAFECO's demand, pay to SAFECO, or deposit with SAFECO, as

5  collateral, an amount sufficient to discharge any claim made against SAFECO on any of the

6  Bonds.

7      29.    The Indemnity Agreements also give SAFECO the right, until it receives

8  conclusive proof of its discharge without loss from any of the Bonds, and until it has been

9  otherwise fully indemnified under each of the Indemnity Agreements, to freely access CMC,

10  the PIRTLES and the FISHERS' books, records and accounts for the purposes of

11  examining and copying the accounts.

12      30.    In executing the Indemnity Agreements, CMC, the PIRTLES and the

13  FISHERS explicitly represented and warranted therein that each of them is and was

14  specifically and beneficially interested in obtaining each Bond which SAFECO issued.

15                          **THE SALE AND SERVICING AGREEMENTS**

16      31.    CMC sold the stream of lease payments in a given SAFECO lease pool to

17  investors pursuant to a "Sale and Servicing Agreement."  Under the Sale and Servicing

18  Agreement, of which there were 14, one for each lease pool, CMC also sold and

19  transferred to investors its rights to payment under SAFECO's Bonds.  A true and correct

20  copy of one such Sale and Servicing Agreement between CMC, as seller, and NetB@nk,

21  as purchaser, is attached hereto as Exhibit "C" and is incorporated by this reference as

22  though set forth fully herein.

23      32.    The Sale and Servicing Agreement appoints SAFECO the Servicer of the

24  pooled leases sold thereunder, although the agreement also provides that CMC and/or

25  CSC will operate as the Sub-Servicer of the pooled leases.  Indeed, under the Sale and

26  Servicing Agreement, CMC and/or CSC have full control of the leases, the payments from

27  the various lessees pursuant to the leases and the transfer of those payments to the

28  investors.  SAFECO has no control over or access to the leases or the payments

-5-

thereunder.

33.     In addition and as part of the transaction establishing the lease pools and bonding commitments, a written Assignment of Contract Rights under Each Lease, Collection Account Deposits, Rights under the Safeco Bonds and All Proceeds Thereof was executed by CMC.  An exemplar of said assignment is attached as Exhibit "D."

## CLAIMS MADE AGAINST SAFECO

34.     On or about December 28, 2001, SAFECO received a claim from NetB@nk, a federal savings bank and a CMC investor, stating that CMC was delinquent in making payments to NetB@nk on seven investment lease pools and was delinquent specifically in its payment for the month of December 2001 in the amount of $901,406.42.  A true and correct copy of NetB@nk's claim letter is attached hereto as Exhibit "E" and is incorporated by this reference as though set forth fully herein.

35.     By letter dated December 26, 2001, Epic Funding Corporation ("Epic Funding"), another CMC investor, gave notice to SAFECO that it had not received its monthly payment of $144,525.28 for November 2001 or $144,525.28 for December 2001. Subsequently, the January 2002 payment of $144,525.28 also fell due.  A true and correct copy of Epic Funding's claim letter is attached hereto as Exhibit "F" and is incorporated by this reference as though set forth fully herein.  By a second letter dated January 8, 2002, Epic Funding further advised that it considered the payment failure a "Service Termination Event" and demanded $2,792,367.59 from SAFECO.  A true and correct copy of Epic Funding's letter is attached hereto as Exhibit "G" and is incorporated by this reference as though set forth fully herein.

36.     Further, on or about February 19, 2002, SAFECO received oral notice of a claim from Guardian Capital LLC, yet another CMC investor, advising that it too had not received its monthly payment of approximately $300,000 from CMC.  No claim letter has yet been received, but once it is received, SAFECO will amend its claim herein accordingly.

## PAYMENTS MADE BY SAFECO PURSUANT TO CLAIMANT DEMANDS

37.     Pursuant to the written demands of NetB@nk and Epic Funding as set out

-6-
SAFECO'S COMPLAINT FOR DAMAGES

[C:\DOC\MTL\22594\PLD\001Complaint(230)]

above, and due to certain unique financial difficulties being faced by these claimants,

particularly NetB@nk, and as an accommodation to CMC, the PIRTLES and the FISHERS,

SAFECO made the following payments:

| DATE | PAYEE | AMOUNT |
|---|---|---|
| February 1, 2002 | NetB@nk | $901,406.42 |
| February 8, 2002 | Epic Funding | $433,575.84 |

38.     In making said payments on behalf of CMC, the PIRTLES and the FISHERS, and pursuant to the terms and conditions of the Indemnity Agreements referenced above, SAFECO is entitled to reimbursement of said payments in the full amount of each, and in addition is entitled to interest, attorney's fees and costs incurred as a result of making said payments.

### FIRST CAUSE OF ACTION

#### (Breach of Indemnity Agreements Against All Defendants)

39.     SAFECO realleges and incorporates by reference paragraphs 1 through 38 as though set forth fully herein.

40.     CMC, the PIRTLES and the FISHERS' failure to indemnify SAFECO as required under the Indemnity Agreements, to reimburse SAFECO for claims made against and paid by SAFECO, to deposit collateral with SAFECO as required under the Indemnity Agreements, and to grant SAFECO access to CMC, the PIRTLES and the FISHERS' books, records and accounts constitute a breach or breaches of the Indemnity Agreements.

41.     As a direct and proximate result of CMC, the PIRTLES and the FISHERS' breach of the Indemnity Agreements, SAFECO is being irreparably harmed, and has been and will be incurring liability, losses, costs and damages, including attorney's fees, in the prosecution of this action.

WHEREFORE, SAFECO prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION

#### (Specific Performance of Indemnity Agreements Against All Defendants)

42.     SAFECO realleges and incorporates by reference paragraphs 1 through 41

-7-

SAFECO'S COMPLAINT FOR DAMAGES

[C:\DOC\MTL\22594\PLD\001Complaint(230)]

1   as though fully set forth herein.

2          43.     SAFECO is entitled to an order compelling CMC, the PIRTLES and the

3   FISHERS, and each of them, to specifically perform pursuant to the terms of the Indemnity

4   Agreements by, among other things, paying, indemnifying, saving and holding harmless

5   SAFECO from and against all losses, expenses and claims related to the Bonds which

6   SAFECO issued; obtaining SAFECO's discharge from the Bonds; depositing collateral with

7   SAFECO in an amount sufficient to discharge the claims made against SAFECO; and/or

8   providing SAFECO with free access to CMC, the PIRTLES and the FISHERS' books,

9   records and accounts.

10         WHEREFORE, SAFECO prays for judgment as hereinafter set forth.

11                          **THIRD CAUSE OF ACTION**

12                   **(Equitable Indemnity Against All Defendants)**

13         44.     SAFECO realleges and incorporates by reference paragraphs 1 through 43

14   as though set forth fully herein.

15         45.     By reason of the foregoing, SAFECO has incurred and will continue to incur

16   losses, costs, damages, attorney's fees and expenses by reason of or in consequence of

17   the Bonds it issued at CMC, the PIRTLES and the FISHERS' request and in satisfying

18   CMC's principal obligations.

19         46.     Further, SAFECO has also incurred and will continue to incur losses, costs,

20   damages, attorney's fees and expenses by reason of or in consequence of CMC's breach

21   of the Sale and Servicing Agreements.

22         47.     CMC, the PIRTLES and the FISHERS, and each of them, are obligated by

23   law and equity to indemnify SAFECO for the full extent of its losses, costs, damages,

24   attorney's fees and expenses.

25         WHEREFORE, SAFECO prays for judgment as hereinafter set forth.

26                          **FOURTH CAUSE OF ACTION**

27                     **(Money Paid Against All Defendants)**

28         48.     SAFECO realleges and incorporates by reference paragraphs 1 through 47

-8-

SAFECO'S COMPLAINT FOR DAMAGES

[C:\DOC\MTL\22594\PLD\001Complaint(230)]

1   as though set forth fully herein.

2       49.    CMC, the PIRTLES and the FISHERS, and each of them, became indebted,

3   and will become indebted, to SAFECO for money paid, laid out and expended, and/or to be

4   paid, laid out and expended, on behalf of CMC, the PIRTLES and the FISHERS at their

5   special instance and request.

6       50.    As a result of defendants' actions, SAFECO is entitled to reimbursement for

7   all sums expended and has been and will be damaged in an amount to be determined at

8   trial.

9       WHEREFORE, SAFECO prays for judgment as hereinafter set forth.

10              **FIFTH CAUSE OF ACTION**

11            **(Exoneration Against All Defendants)**

12      51.    SAFECO realleges and incorporates by reference paragraphs 1 through 50

13   as though set forth fully herein.

14      52.    By virtue of having made payments and incurring losses, costs, damages,

15   attorney's fees and expenses, and by virtue of having to make further payments and incur

16   further losses, costs, damages, attorney's fees and expenses, by reason of or in

17   consequence of the Bonds it issued at CMC, the PIRTLES and the FISHERS' special

18   instance and request, SAFECO is entitled to exoneration from CMC, the PIRTLES and the

19   FISHERS for such losses, costs, damages, attorney's fees and expenses.

20      WHEREFORE, SAFECO prays for judgment as hereinafter set forth.

21              **SIXTH CAUSE OF ACTION**

22            **(*Quia Timet* Against All Defendants)**

23      53.    SAFECO realleges and incorporates by reference paragraphs 1 through 52

24   as though set forth fully herein.

25      54.    SAFECO fears that it will continue to incur immediate and substantial losses,

26   costs, damages, attorney's fees and expenses by reason of, or in consequence of, the

27   Bonds it issued at CMC, the PIRTLES and the FISHERS' special instance and request.

28      55.    CMC, the PIRTLES and the FISHERS are obligated, under the doctrine of

-9-

SAFECO'S COMPLAINT FOR DAMAGES

[C:\DOC\MTL\22594\PLD\001Complaint(230)]

1    *Quia Timet*, to post collateral security with SAFECO for all losses, costs, damages,

2    attorney's fees and expenses incurred by reason of, or in consequence of, the Bonds it

3    issued at CMC, the PIRTLES and the FISHERS' special instance and request.

4        56.     SAFECO is entitled to an injunction replacing CMC as the Sub-Servicer on

5    the bonded leases. SAFECO is also entitled to an order requiring CMC to provide an

6    accounting. Alternatively, SAFECO is entitled to a preliminary injunction appointing a

7    receiver as to CMC.

8        WHEREFORE, SAFECO prays for judgment as hereinafter set forth.

9                       **SEVENTH CAUSE OF ACTION**

10           **(Breach of Sale and Servicing Agreement Against CMC)**

11        57.     SAFECO realleges and incorporates by reference paragraphs 1 through 56

12    as though fully set forth herein.

13        58.     CMC's failure to remit payment, under the applicable Sale and Servicing

14    Agreements, to NetB@nk and Epic Funding of the payments from the various lessees

15    pursuant to the pooled leases, constitutes a breach or breaches of those Sale and

16    Servicing Agreements.

17        59.     As a direct and proximate result of CMC's breach of the Sale and Servicing

18    Agreements, SAFECO is being irreparably harmed, has been and will be incurring liability,

19    losses, costs and damages, including attorney's fees, in an amount to be proven at trial.

20        60.     SAFECO has satisfied all conditions precedent under the terms of the Sale

21    and Servicing Agreements prior to initiating the present proceedings against CMC.

22        WHEREFORE, SAFECO prays for judgment as hereinafter set forth.

23                       **EIGHTH CAUSE OF ACTION**

24      **(Specific Performance of Sale and Servicing Agreements Against CMC)**

25        61.     SAFECO realleges and incorporates by reference paragraphs 1 through 60

26    as though fully set forth herein.

27        62.     SAFECO is entitled to an order compelling CMC to specifically perform

28    pursuant to the terms of the Sale and Servicing Agreements by, among other things,

-10-

SAFECO'S COMPLAINT FOR DAMAGES

[C:\DOC\MTL\22594\PLD\001Complaint(230)]

1   remitting lease payments, under the applicable agreements, to NetB@nk and Epic Funding

2   for payments made by SAFECO to those claimants and to Guardian Capital LLC as such

3   claim is presented.

4        WHEREFORE, SAFECO prays for judgment as hereinafter set forth.

5                   **NINTH CAUSE OF ACTION**

6                   **(Accounting Against CMC)**

7       63.     SAFECO realleges and incorporates by reference paragraphs 1 through 62

8   as though fully set forth herein.

9       64.     SAFECO has repeatedly demanded that CMC, as Sub-Servicer under the

10   Sale and Servicing Agreements, account for lease payments received from the various

11   leases pursuant to the pooled leases.  CMC, while providing certain accounting information

12   to SAFECO, refused, and continues to fail and refuse, to render a complete, thorough and

13   detailed accounting to SAFECO, particularly as reflecting  the current bank accounts of

14   defendants, and each of them, the account balances, the path of monies flowing into and

15   out of said lease accounts and to investors, the apparent commingling of incoming monies

16   into common, undifferentiated accounts and failure to explain why payments promised to

17   investors were not paid, despite specific representations to SAFECO that such payments

18   would be made, in whole or in part.

19       65.     As a result of the foregoing, SAFECO is entitled to an accounting from CMC,

20   as Sub-Servicer under the Sale and Servicing Agreements, regarding its disposition of all

21   lease payments received from the various lessees pursuant to the pooled leases.

22        WHEREFORE, SAFECO prays for judgment as follows:

23       1.       For damages according to proof at trial;

24       2.       For prejudgment interest thereon at the legal rate;

25       3.       For reasonable attorney's fees and expenses incurred herein;

26       4.       For costs of suit herein;

27       5.       For an order requiring defendants, and each of them, to perform specifically

28   the terms and conditions of the Indemnity Agreements;

SAFECO'S COMPLAINT FOR DAMAGES

[C:\DOC\MTL\22594\PLD\001Complaint(230)]

6.    For an order requiring defendants, and each of them, to perform specifically the terms and conditions of the Sale and Servicing Agreements;

7.    For an accounting as to bonded lease payments; and

8.    For such other and further relief as this Court may deem necessary and proper.

Dated:  February 20, 2002

BOOTH, MITCHEL & STRANGE LLP

By:
MICHAEL T. LOWE
JAMES G. STANLEY
Attorneys for Plaintiff
SAFECO INSURANCE COMPANY
OF AMERICA

-12-
SAFECO'S COMPLAINT FOR DAMAGES

[C:\DOC\MTL\22594\PLD\001Complaint(230)]

1

## EXHIBIT TABLE OF CONTENTS

2   <u>ITEM</u>                                                                    <u>EXHIBIT</u>

3                                                                                   <u>PAGE</u>

4   Indemnity Agreement dated April 30, 1999                                        A15

5   Indemnity Agreement dated June 26, 1999                                         B24

6   Sale and Servicing Agreement                                                    C33

7   Assignment                                                                      D76

8   NetB@nk Letter dated December 28, 2001                                          E79

9   Epic Funding Letter dated December 26, 2001                                     F83

10  Epic Funding Letter dated January 8, 2001                                       G85

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

SAFECO'S COMPLAINT FOR DAMAGES

[C:\DOC\MTL\22594\PLD\001Complaint(230)]